In re Klausmeyer et al.

[Cite as In re Klausmeyer (1970), 24 Ohio St. 2d 143.]

(No. 70-730—Decided December 16, 1970.)

144

*Messrs. Beirne, Wirthlin & Manley, Mr. John S. Wirthlin, Messrs. McCaslin, Imbus & McCaslin* and *Mr. Clement J. DeMichelis*, for petitioners.

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Arthur M. Ney,* for respondent, Dan Tehan, Sheriff of Hamilton County.

STERN, J. There are two issues presented in this case. The first is whether the information sought by the grand jury must be disclosed to that body. The second is whether such a disclosure constitutes a violation of Rule XVIII(20) of the Rules of Practice of this court.

The requirement of privacy in Rule XVIII(20) was in-

tended to protect the attorney whose reputation is in issue in inquiry proceedings. The secrecy requirement encourages persons to furnish information to the investigators.

In the case at bar, the information sought was requested by the grand jury, the authority of which is not questioned. The inquisitorial powers of the grand jury, as well as the power to compel the attendance of witnesses and the presentation of documents, are incidents of state judicial power.

R. C. 2939.06 imposes an oath and obligation of secrecy upon grand jurors. R C. 2939.07 serves as a reiteration of the General Assembly's mandate in this regard. Additionally, divulgence of the secret proceedings of a grand jury affronts the diginity and authority of the court under the supervision of which the grand jury was impaneled, unless such person is called upon by the court to make such a disclosure.

This court recognizes the difficult task which members of the Bar of our state are called upon to undertake in carrying on the investigation, preparation and presentment of complaints pertaining to the alleged misconduct of members of the legal profession. In these instances they give their time, energy and talent, for which they are to be commended. In this case, the petitioners performed their duties with the intent and purpose of investigating the alleged misconduct presented to them.

It is apparent, from a reading of the transcript, that the trial court considered the action of the petitioners solely as an effort to bring the issue of whether they may testify before the grand jury directly into focus. We consider the attitude of the petitioners in the same light. This court regards the writ of habeas corpus filed by petitioners merely as a legal procedure whereby they may obtain from this court instructions as to their obligations, if any, to testify before the grand jury.

We conclude that the giving of testimony by petitioners pursuant to the grand jury subpoena cannot be considered as a violation of the privacy requirement in Rule XVIII(20), because, as a matter of law, the grand jury

must maintain the privacy of all information imparted to it. Therefore, the privacy required by Rule XVIII(20) is maintained.

The transcript of the testimony taken before the Common Pleas Court indicates that the petitioners were not opposing the authority, justice and dignity of the court under whose authority the grand jury was acting. In their capacity as members of the Bar Association's Grievance Committee, the petitioners refused to answer the questions solely because they believed themselves bound by the rule of privacy stated in Rule XVIII(20). This court adheres to the spirit and letter of that rule. However, we find that the refusal of the petitioners to testify was not a contumacious defiance of the Court of Common Pleas of Hamilton County.

The grand jury proceeding was adopted in this country and state, not only to bring wrongdoers to justice but also to provide protection against unfounded accusations regardless of whether they originated in governmental sources or were founded on private passion or enmity. 38 American Jurisprudence 2d 948, Section 2. Under our process of judicial administration, the secrets of a grand jury must be kept inviolate, unless a court of competent jurisdiction determines otherwise after special circumstances have been revealed in an appropriate hearing.

The very secretive nature of the proceedings by which a grand jury operates in this state is exactly the same upon which Rule XVIII(20) is founded. Because the proceedings of the grand jury are secret and may not be divulged by any person, this court finds the petitioners must appear before the grand jury and testify in accordance with the tenor of the subpoena. The information so given to the grand jury may not be revealed to any person other than the grand jury, and others who by law are permitted to listen to grand jury testimony.

We interpret the finding of the Common Pleas Court as basically an order issued against the petitioners in order to bring to this court this issue of the duty of bar association investigators acting pursuant to Rule XVII(20). As soon as the petitioners comply with the order of the trial

court pursuant to the judgment of this court in this proceeding, they will be purged of contempt.

The costs are suspended.

*Writ denied.*

O'Neill, C. J., Whiteside, Corrigan and Leach, JJ., concur.

Herbert and Duncan, JJ., concur separately.

Whiteside, J., of the Tenth Appellate District, sitting for Schneider, J.

Herbert and Duncan, JJ., concur in all except the finding that petitioners are in contempt and in the final judgment.

Pursuant to their professional responsibilities, petitioners participated in the grievance investigation below. Under our rules, they were justified in fearing the consequences of divulging information acquired during that investigation. Hence, we find it inequitable to impose upon petitioners the stigma of having been adjudged to be in contempt of a court of this state.