The STATE of Ohio, Appellant,

v.

STULL, Appellee.

[Cite as *State v. Stull* (1991), 78 Ohio App.3d 68.]

Court of Appeals of Ohio,
Sandusky County.

No. S–91–6.

Decided Dec. 27, 1991.

*John E. Meyers*, Prosecuting Attorney, and *Ronald J. Mayle*, Assistant Prosecuting Attorney, for appellant.

*Robert G. Hart*, for appellee.

HANDWORK, Presiding Judge.

On January 17, 1991, the Sandusky County Court of Common Pleas granted appellee Michael A. Stull's motion to dismiss an indictment which had been

filed against him. The dismissal was predicated upon a violation of Crim.R. 6(D), which provides:

"Who may be present. The prosecuting attorney, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no other person other than the jurors may be present while the grand jury is deliberating or voting."

The court reasoned that, upon the evidence presented, Linda Connors, an employee of the Prosecutor's Office for Sandusky County, was present in the grand jury room performing functions that were not contemplated by Crim.R. 6(D) at the time when evidence was presented against appellee, thus, violating the integrity of the grand jury process.

Appellant suggests in its single assignment of error that:

"The trial court erred in dismissing the indictment in this case when the record shows an absence of any violation of any rule and the absence of any prejudice to appellee."

This court, upon consideration of the record and applicable law, finds the assignment of error well taken and reverses the decision of the trial court.

Appellee was indicted by the Sandusky County Grand Jury on July 20, 1990, and charged with eight counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3). The case was set for trial on January 16, 1991. On January 9, 1991, appellee filed a motion for continuance and further sought access to the grand jury testimony of the alleged minor victim. On January 10, 1991, the court denied the motion for a continuance but granted appellee's request for access to the grand jury testimony. The transcript was provided to appellee on January 14, 1991, and on January 16, 1991, the day of trial, appellee filed an oral motion to dismiss the indictment. A hearing was held, evidence taken and oral arguments were presented. The court found the motion well taken and dismissed the indictment against appellee, for the reason that an unauthorized person, Linda Connors, was present in the grand jury room and that she was engaged in unauthorized functions, all in violation of Crim.R. 6(D). Specifically, the court found that Linda Connors was not merely an operator of the recording device, which is authorized by Crim.R. 6(D), but that she was also acting as a staff assistant to the prosecutor, and that as a person performing such latter function, she was not authorized to be present in the grand jury room.

Appellant argues that there was no violation of any specific rule and that there was no prejudice to the appellee even if a violation occurred.

Appellee argues that, based upon the facts adduced at the hearing, the trial court correctly interpreted Crim.R. 6(D) and that the dismissal of the indictment was proper.

The testimony of Linda Connors presented at the January 16, 1991 hearing on appellee's motion to dismiss reflects that she was indeed present in the grand jury room when the grand jury received evidence of the alleged wrongdoing of appellee. She testified that she was employed as an investigator for the Sandusky County Prosecutor's Office, that with respect to the preparation of appellee's case for the grand jury, she had spoken with family members of the victim, telling them what time to be present for the grand jury hearing, that she had worked with the Department of Human Services securing reports from medical personnel from another state, and that she had arranged for the child to be examined at the medical college and thereafter secured the records of that examination. She further indicated that she spoke with the alleged minor victim prior to her testimony before the grand jury but that she did not interview her. It was also apparent from the record that as a special investigator for the prosecuting attorney's office, Linda Connors specializes in preparing and investigating cases involving alleged sexual offenses against children. However, Connors testified that her presence in the grand jury room was only for the purpose of running the tape recorder, and keeping track of when witnesses came in and how long their testimony took. Further questioning on both direct and cross-examination revealed the following questions were asked of and answers were given by Linda Connors:

ON DIRECT EXAMINATION

"Q. According to the transcript of the child's grand jury testimony, at the end of the interview, I—in the transcript, it shows me saying, Linda, question mark, and it shows you saying, 'I have no questions.'

"A. Uh-huh.

"Q. In your mind, what does that colloquy symbolize?

"A. I assumed that you meant is there anything else that you should have asked or anything else I could think of or, are there any questions—I don't know, but I didn't ask any questions."

ON CROSS–EXAMINATION

"Q. Is it John's practice, when he is finished with any witness of grand jury, to turn to you and ask you whether you have any questions?

"A. He doesn't ask me necessarily if I have any questions. He might ask me if there are any other witnesses, who else is waiting; that kind of thing, if there is anything that he forgot in terms of evidence or something."

ON REDIRECT EXAMINATION

"Q. Well, just to complete the record, are you filling out any forms during testimony?

"A. Yes, I sit and fill out what we consider to be our answer to discovery, evidence, what the evidence, who the witnesses are, what their addresses are, and anything to do with their, you know, what the evidence might be that's—"

The question with which the trial court was presented was whether the spirit of Crim.R. 6(D) was violated when the evidence adduced at the hearing on the motion to dismiss indicated that Linda Connors did perform specific functions in addition to being the operator of a recording device. Appellant in its brief filed in support of the single assignment of error suggests that the issue simply is: "Whether or not this language [Crim.R. 6(D)] precludes the operator from doing anything other than only sitting there making sure the machine functions."

The issue presented in this appeal has been addressed by numerous jurisdictions. The decisions which would support the position of appellee in this case generally rely on a very strict interpretation of the rules or statutes governing who may be present in a grand jury proceeding. Thus, in *State v. Watson* (1882), 34 La. Annual Reports 669, a judgment of conviction was reversed and the indictment and all proceedings under it quashed because a judge had appointed a person who was not a grand juror to act as clerk of the grand jury. Additionally, in *State v. Bowman* (1897), 90 Me. 363, 38 A. 331, it was held that the presence of a stenographer by express order of the court, while witnesses were being examined, but not when the jury commenced deliberations, invalidated the indictment returned by the grand jury. The court stated that in view of the fact that public policy required secrecy, not only as to deliberations of the grand jury but also as to the witnesses who testified and their testimony, it was improper for the trial court to order a person, other than the county attorney or assistant, to be present while witnesses were being examined before the grand jury and to take down their testimony.

Jurisdictions which have held that the presence of a stenographer or clerk in the grand jury room was not inappropriate have focused on the question of whether the defendant was prejudiced in any way as the result of the presence of such an individual. It must be remembered that in Ohio, pursuant to Crim.R. 6(D), a stenographer or operator of a recording device may be present. The question raised in this appeal is whether that person may perform any functions other than running the tape-recording device. Thus, we limit our discussion to those cases where the stenographer appeared to be performing some function other than or in addition to taking testimony in shorthand or by running a machine. Thus, in a case where the stenographer was present at the request of the prosecuting attorney for the purpose of

taking all the evidence given before the grand jury so that it might be used in the prosecution of the cause, the court held that there was no showing of prejudice to the accused. *State v. Bates* (1897), 148 Ind. 610, 48 N.E. 2. In a case with strikingly similar facts to this, a stenographer was employed by the district attorney by express statutory authority "as an assistant in his office" for the purpose of taking testimony in shorthand. In that case, there was an absence of anything tending to show that the stenographer was present when the grand jury deliberated or voted upon the indictment. There was also a failure to show that he participated in the proceedings in any other way than by taking notes. *Commonwealth v. Hegedus* (1910), 44 Pa.Super. 157. Ohio decisions indicate that a showing of prejudice to the accused must be made before the presence of a stenographer in the grand jury room while testimony was being taken will result in dismissal. See *State v. Metzger* (1910), 10 Ohio N.P. (N.S.) 97, 21 Ohio Dec. 72. Additionally, see *State v. Mumaw* (1902), 12 Ohio Dec. 791.

The facts before this court indicate only that, in this hearing before the grand jury, Linda Connors operated a tape-recording device, kept track of witnesses who appeared before the grand jury, and filled out forms to assist the prosecutor in responding to discovery. While she was placed in a position where she potentially could have responded to questions from Meyers, thus assisting him in the presentation of his case, she did not respond in a way that was prejudicial to appellee and, thus, in this instance, no error occurred. We do not find that the functions she performed, in addition to being an operator of a tape-recording device, were in any way prejudicial to the appellee.

This court finds that, while Linda Connors, as the operator of a recording device, did perform additional functions, the trial court improperly dismissed the indictment against appellee, as there was no showing that appellee was prejudiced in any respect. Therefore, the single assignment of error is found well taken.

Accordingly, having found that appellant was prejudiced and prevented from having a fair hearing, the judgment of the trial court is reversed and this cause is remanded to the Sandusky County Court of Common Pleas for further proceedings not inconsistent with this opinion. This court finds further that reasonable cause and grounds exist for this appeal. Costs to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and SHERCK, JJ., concur.