OPINION
{para; 1} Appellant, Mark A. Kaiser, appeals from a finding of contempt of court by the Mercer County Court of Common Pleas for failure to produce a billing computer belonging to his clients, Dr. Thomas M. Santanello and Dr. Thomas M. Santanello D.O., Inc. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
{para; 2} Appellant is an attorney representing Dr. Santanello and Thomas M. Santanello, D.O., Inc. ("the company"). On July 2, 2002, appellant took possession of an office computer and medical records belonging to Dr. Santanello. At the time, Dr. Santanello was the subject of an ongoing criminal and administrative investigation for, among other offenses, Workers Compensation fraud, drug trafficking, and prescription offenses. Appellant obtained the computer from a third party, an office manager who works for Dr. Santanello's brother, Dr. Stephen Santanello.
{para; 3} On August 30, 2002, appellant was served with a grand jury subpoena duces tecum requiring appellant to appear before the Mercer County Grand Jury and to produce "paper and electronic records of medical fee bills for Thomas M. Santanello, D.O. and Thomas M. Santanello D.O., Inc., consisting of computer, computer hard drive, and any documents pertaining to such billing, along with any program manuals for any computerized billing program utilized." The records and medical fee bills were sought pursuant to a grand jury investigation of Dr. Santanello.
{para; 4} On September 5, 2002, Dr. Santanello, the company, and appellant filed a motion to quash the subpoena. The common pleas court conducted an attorney conference at which the state and appellant agreed to file further response and reply briefs before the court decided whether appellant's compliance with the subpoena was necessary. The motion to quash the subpoena was denied on October 10, 2002 and appellant was ordered to comply with the subpoena.
{para; 5} Appellant was re-subpoenaed to appear before the Mercer County Grand Jury on November 7, 2002 and to produce Dr. Santanello's and the company's business computer. Although he appeared before the grand jury, appellant refused to testify as to the computer or to produce the computer. Following the procedure outlined by R.C. 2939.14, the state made a record of appellant's refusal to comply with the subpoena and requested the court reporter to produce a transcript of the refusal. Upon its review of the transcript, the trial court ordered appellant to comply with the subpoena. Appellant refused and was held in contempt of court and ordered jailed for refusing to deliver the information in accordance with the subpoena. Pending this appeal, appellant was released on bond.
{para; 6} Appellant now appeals asserting one assignment of error for our review.
ASSIGNMENT OF ERROR
 The trial court erred by denying appellant's motion to quash subpoena and by holding appellant in contempt of court for not complying with the subpoena.
 {para; 7} As an initial matter, we note that a denial of a motion to quash a grand jury subpoena duces tecum is not a final appealable order pursuant to R.C. 2505.02.[1] However, after appellant refused to comply with the common pleas court's order to produce the computer, he was found guilty of contempt and ordered to be held in custody until he complies with the court's order. An order of contempt is final and appealable once the trial court makes a finding of contempt and prescribes a sanction or penalty.[2]
 {para; 8} Appellant advances five reasons as to why the trial court should have quashed the grand jury subpoena duces tecum. First, appellant asserts that compliance with the subpoena would be unreasonable in that it seeks information that is irrelevant to the grand jury's investigation. Appellant compares the subpoena to a fishing expedition and asserts that, although he has no personal knowledge as to the contents of the computer records, the information therein contained is wholly irrelevant to the investigation.
{para; 9} In United States v. R. Enterprises, Inc., the United States Supreme Court noted the unique role occupied by the grand jury in the criminal justice system.[3]
 [T]he grand jury "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., (1950) 338 U.S. 632, 642-643 (1950). The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred. As a necessary consequence of its investigatory function, the grand jury paints with a broad brush. "A grand jury investigation `is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.'" Branzburg v. Hayes, (1972) 408 U.S. 665, 701, quoting United States v. Stone (CA2 1970), 429 F.2d 138, 140.[4]
 {para; 10} Crim.R. 17(C) permits a subpoena to be quashed or modified "if compliance would be unreasonable or oppressive." Although the Supreme Court in R. Enterprises was considering a motion to quash under Federal Rule of Criminal Procedure 17(C), the federal rule is analogous to the Ohio's Crim.R. 17(C).[5] The Court stated that "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance."[6]
 {para; 11} In the present case, appellant claims that the computer records have no relevance to the grand jury investigation. Yet, appellant has also stated that the records may contain billing information. Thus, it is possible, despite appellant's lack of knowledge as to the specific contents of the records, that some of the information therein contained could conceivably be relevant to the investigation. Given the broad scope of the grand jury's investigatory powers, appellant has failed to carry his burden to show the unreasonableness or oppressiveness of the subpoena.
{para; 12} Appellant also asserts that compliance with the grand jury subpoena duces tecum would result in a violation of DR 4-101(B)(1), which prohibits a lawyer from knowingly revealing a confidence or secret of a client. DR 4-101(A) defines the terms "confidence" and "secret" as follows:
 "Confidence" refers to information protected by attorney-client privilege under applicable law and "secret" refers to other information gained in the professional relationship that the client has requested to be held inviolate or the disclosure of which would be embarrassing or would be likely detrimental to the client.
 {para; 13} First, we must determine whether the computer records fall within the definition of a client secret. Because the computer records were obtained by appellant through his professional relationship with Dr. Santanello and because the disclosure of those records could be potentially embarrassing or detrimental to the client, we believe the evidence sought meets the definition of "secret" under DR 4-101(A). However, simply because the records sought are a client secret, this does not necessarily prohibit disclosure of the physical evidence.[7] If one of the four listed exceptions in DR 4-101(C) applies, an attorney may disclose a client secret.
{para; 14} Specifically, we consider DR 4-101(C)(2), which provides that an attorney may reveal "[c]onfidences or secrets when permitted under Disciplinary Rules or required by law or court order." Ohio courts have interpreted DR 4-101(C)(2) to require disclosure "in the context of mandating that attorneys relinquish evidence and instrumentalities of crime to law-enforcement agencies."[8] Because the computer records and other physical evidence sought in this case may contain evidence of a possible crime, we find that it must be turned over to the grand jury.[9]
 {para; 15} In his third argument, appellant claims that his compliance with the subpoena duces tecum to deliver the computer to the grand jury would violate his Fifth Amendment right against self incrimination. In explanation of this assertion, appellant claims that by relinquishing a third party's computer to the grand jury he may be subject to prosecution.[10] Yet, appellant has not claimed that the computer contains evidence that would incriminate him; in fact, he denies it. Furthermore, the computer is not appellant's; it belongs to Dr. Santanello. Considering that appellant has not been called to testify against himself in a criminal matter, or to offer up his own personal papers and effects, we find that appellant's request for Fifth Amendment protection is without merit.
{para; 16} Additionally, appellant maintains that his compliance with the subpoena duces tecum would result in a violation of the work product doctrine. The work product doctrine protects from discovery "documents and tangible things prepared in anticipation of litigation."[11]
Appellant put forth no effort to produce the information contained on the computer sought by the subpoena duces tecum. Accordingly, the work product privilege is inapplicable to the present case and the appellant's argument fails.
{para; 17} For his final argument, appellant asserts that the trial court must modify the grand jury subpoena duces tecum to ensure that the confidentiality of any patient identified in the subpoenaed records is maintained. Because the grand jury proceedings are conducted in secret, we are not persuaded that that the subpoena duces tecum requires modification. Crim.R. 6(E) mandates that the grand jury deliberations be conducted in secret, and R.C. 2939.06 imposes an oath and the obligation of secrecy on the grand jurors. In In re Klausmeyer, the Supreme Court of Ohio noted that the "divulgence of the secret proceedings of a grand jury affronts the dignity and authority of the court under the supervision of which the grand jury was impaneled, unless such person is called upon by the court to make such a disclosure."[12] Considering the veil of secrecy surrounding the grand jury proceedings, we do not find that a modification of the grand jury subpoena duces tecum is necessary. Furthermore, Crim.R. 17(C) only provides for the modification of a subpoena if the compliance would be unreasonable or oppressive. We rejected this argument earlier.
{para; 18} For the aforementioned reasons, appellant's assignment of error is without merit and is hereby overruled.
{para; 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] In re Grand Jury (1996), 76 Ohio St.3d 236, 237-238,
[2] McCarty v. Kimmel (1989), 62 Ohio App.3d 775, 781.
[3] (1991), 498 U.S. 292.
[4] Id. at 297.
[5] Federal Rule of Criminal Procedure 17(C) provides that "[t]he court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive."
[6] R. Enterprises, Inc., 498 U.S. at 301.
[7] In re Original Grand Jury (2000), 89 Ohio St.3d 544, 547.
[8] Id. at 548.
[9] See, Id. at 549.
[10] Logically, it would follow that by complying with the subpoena appellant would be less likely to be guilty of obstructing justice.
[11] Civ.R. 26(B)(3).
[12] In re Klausmeyer (1970), 24 Ohio St.2d 143.