OPINION
{¶ 1} Paul Webb appeals from a judgment of the Greene County Court of Common Pleas, which denied his petition for the release of grand jury testimony.
 {¶ 2} The facts, as gleaned from the briefs and the record, are as follows.
 {¶ 3} On December 31, 2002, Frances Wiggins took her car to Paul's Garage on North Detroit Street in Xenia for servicing. Her license plates were on the car when she delivered it to Paul's Garage. She retrieved the car on January 4, 2003. On January 12, Wiggins noticed that both license plates on her car were missing, and she reported this fact to the sheriff's department, which entered the plates into its computer system as stolen plates.
 {¶ 4} On March 12, 2003, Richard Smith was arrested in Dayton for having Wiggins' license plates on his car. Smith gave somewhat different information during different interviews. In one interview, he claimed to have received the plates from Mike Smith, a mechanic who lived on Edgewood. Later, however, he told Detective Kirk Keller of the Greene County Sheriff's Department that he had taken his car to Paul's Garage on Detroit Street, where someone had offered to "rent" him a set of license plates for $50. Smith told the detective that the person's name had been Paul Webb.
 {¶ 5} About two months later, Detective Keller and another deputy interviewed Paul Webb, who had an auto repair shop on Douglas Street in Xenia. Webb denied knowing anything about stolen plates. After Webb refused to go to the sheriff's department to answer questions, Detective Keller swore out a complaint to have Webb arrested for receiving stolen property and theft. Webb was arrested on May 22, 2003, and was subsequently released on bond. He was indicted on the same charges on June 5, 2003. Webb pled not guilty and was ordered to check in with the probation department weekly while the matter was pending.
 {¶ 6} When Detective Keller was reviewing his notes on the case in preparation for a court appearance, he apparently came to believe that Paul's Garage on North Detroit Street had been confused with Paul Webb's garage on Douglas Street. Accordingly, on July 3, 2003, the state filed a motion to dismiss the indictment against Webb, and the court granted the motion.
 {¶ 7} Unfortunately, the probation department apparently was not informed of the dismissal of the indictment against Webb. As such, after he had failed to report for a few weeks as ordered, the probation department filed a Violation of Bond notice with the trial court on July 29, 2003. In response, the court issued a capias for Webb's arrest, and he was arrested for the second time on August 27, 2003. Realizing its mistake, the court released Webb on August 28, 2003.
 {¶ 8} On May 5, 2004, Webb filed a civil suit against the Greene County Sheriff's Department in the Greene County Court of Common Pleas. The case was later removed to the United States District Court. However, Webb filed a petition in the court of common pleas for the release of the grand jury testimony that had resulted in his indictment, claiming that "failure to disclose the testimony would deprive [him] of a fair adjudication of the allegations pled in his civil complaint." Webb claimed that he had been a victim of malicious prosecution and that "the grand jury proceeding played a critical role." The court denied the petition, finding that Webb had not demonstrated "a particularized need * * * which would outweigh the need for secrecy based on public policy."
 {¶ 9} Webb raises one assignment of error on appeal from the common pleas court's judgment refusing to release the grand jury testimony.
 {¶ 10} "THE TRIAL COURT ERRED BY OVERRULING PAUL WEBB'S MOTION FOR DISCOVERY OF GRAND JURY TESTIMONY."
 {¶ 11} Webb argues that the trial court erred in refusing to release the grand jury testimony that led to his indictment because he had demonstrated a particularized need that outweighed the government's interest in keeping the testimony secret.
 {¶ 12} There is a long history of secrecy attendant to grand jury proceedings. However, the Supreme Court of Ohio has held that, where justice requires, a court that supervised a grand jury may disclose evidence presented to that grand jury in civil as well as criminal matters. Petition for Disclosure ofEvidence, 63 Ohio St.2d 212, 218, 407 N.E.2d 513. Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against the petitioner's need for the information and determines that justice can only be done if disclosure is made. Id. The party requesting the testimony must show that a particularized need for disclosure exists which outweighs the need for secrecy.State v. Greer (1981), 66 Ohio St.2d 139, 148, 420 N.E.2d 982. This analysis is satisfied when, from a consideration of the surrounding circumstances, it is probable that the failure to disclose the testimony will deprive the petitioner of a fair adjudication of a pending action. See id. at paragraph three of the syllabus. The trial court, in its discretion, determines whether the petitioner has shown a particularized need for the production of grand jury proceedings. Id. at 148.
 {¶ 13} Webb's suit against the Greene County Sheriff's Department includes claims of false arrest, malicious prosecution, abuse of process, and infliction of emotional distress, among others. In his petition for the grand jury testimony, Webb suggests that his claims cannot be fairly adjudicated without access to the grand jury testimony in his criminal case because "the information contained in the grand jury testimony is direct evidence needed to show the Defendants['] wrongdoing." However, much of the deputies' behavior about which Webb complains occurred prior to their grand jury testimony.[1] For example, Webb asserted that the deputies "aggressively interrogated him and threatened him with criminal prosecution * * * without probable cause" prior to his arrest. He also claimed that they "provided false and misleading information to obtain a warrant for the arrest." Because Webb was arrested on a complaint before the grand jury considered his case, Webb's claim that the grand jury testimony was essential to the proof of these facts was tenuous. With respect to the grand jury proceedings in particular, Webb simply stated that "the Defendants provided false and misleading testimony to the grand jury in order to have an indictment handed down." This statement is very conclusory and does not establish a particularized need for the testimony. Webb clearly presumes that the deputies lied or embellished the evidence against him before the grand jury. However, there is nothing to suggest that their testimony before the grand jury differed in any significant respect from the evidence presented in support of their request for an arrest warrant, and Webb presumably has access to the affidavit(s) filed in support of the warrant. In sum, Webb did not present a compelling argument that the only way for him to substantiate his claims against the deputies was through the use of the grand jury testimony. As such, the trial court did not abuse its discretion in finding that he had not shown a particularized need for the testimony and in denying his request.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
Donovan, J., concurs.
[1] For the sake of argument, we presume, as Webb does, that both deputies testified before the grand jury.