[Cite as *State v. Owens*, 2015-Ohio-3017.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 14CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | **ENTRY** |
| Anthony Owens, | : | |
| Defendant-Appellant. | : | **RELEASED: 7/16/2015** |

_____

McFARLAND, A.J.,

{¶1} Owens filed a motion requesting access to the transcript of the grand jury proceedings that has been filed under seal as part of the appellate record. We denied his motion on the ground that that he must first petition the supervising court, the Common Pleas Court of Gallia County, under Crim R. 6(E). If that court should decline to address Owens' petition because it cannot adequate assess Owens' need for the material, then we may address the merits. *State v. Owens*, 4th Dist. Gallia App. No. 14CA9, 2015-Ohio-1856, ¶ 11. Owens has now filed a renewed motion for access to the grand jury transcripts, arguing that his motion is now properly before us because his petition to the trial court was denied. The trial court determined "that it cannot adequately assess Defendant's need for a grand jury transcript in the context of effective appellate advocacy." *State v. Owens*, Gallia C.P. No. 11CR115 (June 10, 2015).

{¶2} The state argues that the trial court's decision is insufficient to permit this Court to review Owens's motion because it was not a "written evaluation." We disagree. The trial court expressly stated that it could not adequately assess Owens's need for the transcript because the case is now at the appellate court level and Owens's need arises

within the appellate context.  We find this to be a written evaluation sufficient to permit us to proceed to address his motion on the merits. *See State v. Owens*, 4th Dist. Gallia App. No. 14CA9, 2015-Ohio-1856, ¶ 11.

{¶3}    Alternatively, the state argues that Owens has already filed his appellate brief, thus he no longer has a need to review the grand jury transcript. The state claims that Owens can neither supplement his brief nor can he raise new issues in a reply brief. The cases the state cites in support of its alternative argument all concern the bar against raising a new issue in a reply brief.  None of the cases support the state's argument that this Court could not permit a supplemental filing. Here, Owens has made an argument in his appellate brief that, based upon the trial court docket, there was an unauthorized person present before the grand jury in violation of Crim.R. 6(D). We can permit Owens, upon request, to file a supplemental brief to provide additional information from the grand jury transcript that would support this argument – no new issue is raised by such a supplementation*. See State v. Grier*, 3rd Dist. App. No. 3-10-09, 2011-Ohio-902, ¶ 6 (court granted appellant's motion to file supplemental brief).

{¶4}    Owens argues that he has a particularized need for access to the grand jury transcript because: (1) the grand jury was conducted by an unauthorized person in violation of Crim.R. 6(D) and R.C. 2939.10 and (2) he believes there may have been inconsistencies between the victim's grand jury and trial testimony. Because the case has been tried, witness testimony given in a public forum, and a jury verdict rendered, Owens argues that the balance weighs heavily in his favor as the need for secrecy no longer exists.  The state argues that Owens has not shown a particularized need because, even assuming an unauthorized person was present, he has no need to find out what the unauthorized person may have said or did. The state does not address whether there

continues to be a need to maintain the secrecy of the grand jury proceedings at the appellate stage.

{¶5}   After reviewing the memoranda and the relevant law, we **GRANT IN PART** and **DENY IN PART** Owens's motion.

I.

{¶6}   Crim.R. 6(E) provides that matters other than the deliberations of a grand jury or the vote of a grand juror may be disclosed "only when so directed by the court preliminary to or in connection with a judicial proceeding * * *."

{¶7}   Upon a motion from the defendant, the trial court considers "the basis of the particularized need advanced by the defendant." *State v. Greer*, 66 Ohio St.2d 139, 150, 420 N.E.2d 982 (1981).  In considering the basis of the particularized need, the trial court may perform an in camera inspection of the grand jury matters assisted by counsel.  *Id.* In *Greer*, the Supreme Court of Ohio explained the process to follow after the defendant has shown a particularized need:

> [O]nce a particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened, largely because the witness, in testifying at trial, has given up any anonymity he might have had and has made public the events which are the subject of the grand jury testimony being sought. Under such circumstances, when there is a *balancing of the often minimal need to preserve secrecy* against the need for the defendant to review certain portions of the grand jury testimony, we conclude that all relevant portions of the transcript should be produced, with the trial court deleting extraneous matters, and issuing protective orders where necessary. (Emphasis added).

*Greer* at 150-151. "Determining whether a particularized need exists is a matter within the trial court's discretion." *State v. Lang,* 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 41, citing *Greer* at paragraph one of the syllabus.

{¶8}   The "particularized need" test as formulated in *Laskey*, *infra, Patterson, infra*,

and *Greer*, *supra*, all involve motions made to the trial court before or during trial. *See State v. Laskey*, 21 Ohio St.2d 187, 257 N.E.2d 65 (1970)(motion made prior to trial to assist with preparation); *State v. Patterson*, 28 Ohio St.2d 181, 277 N.E.2d 201 (1971)(motion made prior to trial as part of discovery). Here, Owens is seeking disclosure of grand jury proceedings from the appellate court after trial for purposes of more effectively advocating his appeal. Thus, we must determine if the "particularized need" test used by trial courts to determine whether to disclosure grand jury matters before or during trial is the standard applicable to petitions made in other courts for disclosures post-trial.

{¶9}    In *Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980), the Court held that disclosures of grand jury matters can be disclosed in both civil and criminal actions. "Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made." *Id.* Thus, the particularized need test applies both to petitions for grand jury materials made before or during the criminal trial and to petitions made in other criminal or civil proceedings: "In the case at bar * * * if a sufficient showing of need was made, some of their [grand jury] testimony could be disclosed without eroding the grand jury system." *Id.* at 220; see also *State v. Greer,* 66 Ohio St.2d 139, 148, 420 N.E.2d 982 ("In [*Petition for Disclosure*], this court again referred to the particularized need test in the allowance of grand jury testimony to be used in a civil trial, upon a satisfactory showing * * * that the petitioner's or movant's need for the information outweighs the need to maintain the secrecy of the grand jury proceedings."); *Wurth v. Emro Marketing Co.*, 125 Ohio App.3d 494, 499, 708 N.E.2d 1057 (6th Dist. 1998)("in *Petition for Disclosure, supra*, the court determined that the particularized need

test was equally applicable to civil cases in which a movant sought access to a witness's grand jury testimony in a prior criminal matter"); *Craig v. Lima City Schools Bd. of Edn.,*384 F. Supp.2d 1136 (N.D. Ohio 2005)(under Ohio law, "the 'particularized needs' test applies regardless of the type of case involved"); *contra State v. Webb,* 2nd Dist. App. No. 2005CA52, 2006-Ohio-1113, ¶ 27, 33 (Grady, P.J., dissenting and arguing that instead of applying a particularized needs test, *Petition for Disclosure* established a "broader and more general standard of what 'justice requires'" where a petition for grand jury materials is made in a different forum and finding that the court "should have applied the broader ends of 'justice' standard").  Thus, we apply the particularized needs test to Owens's request.

II.

A. Allegations of Unauthorized Persons in Violation of Crim.R. 6(D) and R.C. 2939.10

**{¶10}**  Owens argues that he needs access to the grand jury transcript because he believes persons other than those permitted under Crim.R. 6(D) and R.C. 2939.10 were in the presence of the grand jury. Specifically, he claims that a representative of the Ohio Attorney General's Office called, swore and examined witnesses, advised the grand jurors, and advocated for the return of an indictment all when she was not authorized to do any of these things.

**{¶11}**  Ohio courts give strict interpretation to R.C. 2939.10 and Crim.R. 6(D) and find error where a trial court permits persons not explicitly authorized by the statute or rule to be present.

> Ohio courts have applied a strict reading of R.C. 2939.10 and Ohio R. Crim. P. 6(D) when addressing challenges to the validity of indictments based on the presence of unauthorized persons in the grand jury room during grand jury proceedings. In order to protect the "very secretive nature" of grand jury proceedings, "[t]he information so given to the grand jury may

not be revealed to any person other than the grand jury, *and others who by law are permitted to listen to grand jury testimony.*" *In re Klausmeyer*, 24 Ohio St. 2d 143, 146, 265 N.E.2d 275 (1970) (emphasis added). Ohio courts consistently have found that a person not explicitly authorized by rule or statute may not be present while the grand jury is in session. *E.g., State v. Jewell*, No. CA448, 1990 Ohio App. LEXIS 3859, at *24 (Vinton County Aug. 22, 1990) (erroneous for trial court to permit a children's services caseworker to be present while minor child testified); *State v. Ogletree*, No. 9768, 1987 Ohio App. LEXIS 8303, at *6 (Montgomery County Aug. 14, 1987) ("accused does not have the right to appear before or attend grand jury proceedings, either personally or by counsel").

2011 Ohio Atty.Gen.Ops.No. 2011-004, *2.  The presence of an unauthorized person during grand jury proceedings may be sufficient to set aside an indictment where prejudice to the accused is shown. *Id.* at *4; *State v. Stulls*, 78 Ohio App.3d 68, 72, 603 N.E.2d 1123 (6th Dist. 1991). In *Stulls,* a special investigator for the prosecutor's office who specialized in preparing and investigating cases involving alleged sexual offenses against children was present in the grand jury room while testimony was being taken.  The appellate court reviewed the investigator's statements and actions and found that her functions were very limited and she did not assist the prosecutor in the presentation of his case, thus there was no prejudice to the accused and the trial court should not have dismissed the indictment:

> The facts before this court indicate only that, in this hearing before the grand jury, Linda Connors operated a tape-recording device, kept track of witnesses who appeared before the grand jury, and filled out forms to assist the prosecutor in responding to discovery. While she was placed in a position where she potentially could have responded to questions from Meyers, thus assisting him in the presentation of his case, she did not respond in a way that was prejudicial to appellee and, thus, in this instance, no error occurred. We do not find that the functions she performed, in addition to being an operator of a tape-recording device, were in any way prejudicial to the appellee.

*State v. Stull*, 78 Ohio App. 3d 68, 72, 603 N.E.2d 1123, 1126 (6th Dist. 1991).

**{¶12}**  Here, Owens argues that the trial court judge stated at arraignment that the

case was presented to the grand jury by a representative of the Ohio Attorney General's Office and Owens contends that this representative's presence was without appointment or authorization. As a result, he argues that the representative was an unauthorized person under R.C. 2939.10 and Crim.R. 6(D). Violations of Crim.R. 6(D), while not requiring the "automatic reversal of a subsequent conviction regardless of the lack of prejudice," nevertheless are subject to a review to determine if it affected a substantial right under Crim.R. 52(A). *U.S. v. Mechanik*, 475 U.S. 66, 71, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (discussing the federal version of Ohio's Crim.R. 6 and rejecting the appellate court's decision that a violation of Fed.R.Crim.P. 6(d) requires an automatic reversal of the conviction without determining if prejudice resulted); *State v. Jewell*, 4th Dist. Vinton App. No. CA448, 1990 WL 127049 (Aug. 22, 1990) (any error in the presence of unauthorized caseworker at the grand jury proceedings was harmless under Crim.R. 52(A)). Accordingly we find that Owens has stated a particularized need for access to portions of the grand jury transcript that show the presence, statements, and functions of this alleged unauthorized person. Because we find Owens has shown a particularized need for the grand jury transcript, we must weigh the need to maintain the secrecy of the grand jury proceedings against Owen's need for the information.

{¶13} We review the factors enumerated in *Petition for Disclosure* as quoted from *U.S. v. Rose*, 215 F.2d 617, 628-629 (3rd Cir. 1954):

> "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent

accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

*Petition for Disclosure*, at 219. Additionally, we recognize that an interest in secrecy still exists even though the grand jury has ended its activities:

> For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, *but also the possible effect upon the functioning of future grand juries*. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities. (Emphasis added).

*Id.* at 217, quoting *Douglas Oil Co. v. Petro Stops Northwest*, 441 U.S. 211, 222-223, 9 S.Ct. 1667, 60 L.E.2d 156 (1979). And, we must account for our ability to place protective limitations on any disclosure ordered to shield those who volunteered information. *Id.* at 219.

{¶14} Based on all of these considerations, we find that the interest in secrecy is not greater than the need for disclosure. Of the five *Rose* factors, concerns about escape, witness tampering or importuning of grand jurors, and protection of the innocent accused are not present here. However, concerns with freedom in grand jury deliberations and the encouragement of free and untrammeled disclosures by persons with information are always present because, as stated in *Douglas Oil*, *supra*, "Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties."

Nevertheless, we can eliminate this concern and still address Owens's needs by providing only those portions of the grand jury transcript that show the presence, statements, and functions of persons presenting the case to the grand jury, other than the witnesses under examination.  If the identity and testimony of witnesses are redacted in the portions of the grand jury transcript disclosed to Owens, he will still be able to determine the identities of individuals who presented the case before the grand jury, argue whether these individuals were unauthorized, and argue whether their unauthorized presence was prejudicial to him. Persons who made open, candid, and untrammeled disclosures in this case will not "fear future retribution or social stigma that may act as powerful deterrents" because their testimony will remain secret.

B. Grand Jury Testimony of Child Victim

{¶15}  Owens argues that he is entitled to review the grand jury transcript because he believes that the child victim must have given inconsistent testimony to the grand jury. He claims that he is entitled to know what testimony was given to the grand jury concerning count three of the indictment. He argues that count three of the indictment charged that he forced the child victim to touch his erogenous zone, but that the child victim's testimony at trial did not support this charge. Owens argues that his defense at trial focused on the child victim's inherent inconsistencies and any additional inconsistencies that might have occurred in her grand jury testimony are crucial to his defense. And, he argues that any inconsistencies that might exist would call into question the trial court's determination that the victim's statements corroborate each other.

{¶16}  Owens's speculation concerning possible inconsistencies in the child victim's grand jury testimony does not state a particularized need. *State v. Mack*, 73 Ohio St.3d 502, 508, 1995-Ohio-273, 65 N.E.2d 329 (1995):

When a defendant "speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions," the trial court does not abuse its discretion by finding the defendant had not shown a particularized need. *State v. Webb* (1994), 70 Ohio St.3d 325, 337, 638 N.E.2d 1023, 1034.

Because we find that Owens does not state a particularized need to review the grand jury transcript for possible inconsistencies in the child victim's testimony, we will not order the disclosure of the grand jury transcripts on this ground.

III.

{¶17} In view of the trial court's determination that it cannot adequately assess Owens's need for a grand jury transcript in the context of effective appellate advocacy, we may now properly address the merits of Owens's motion for disclosure of grand jury materials. We find that he has shown a particularized need to review the grand jury transcript as it relates to his argument that there was an unauthorized person in the presence of the grand jury in violation of Crim. R. 6(E) and R.C. 2939.10. The interest in grand jury secrecy does not outweigh his need for access as long as we place protective limitations on the disclosure. We will conduct an in camera review of the grand jury transcript and provide access to portions of the grand jury transcript that show the presence, statements, and functions of persons presenting the case to the grand jury, other than the witnesses under examination. The court will issue a notice to the parties when the redacted portions of the grand jury transcript are available for review. However, Owens has failed to show a particularized need for the grand jury transcript as it relates to his argument concerning possible inconsistencies in the child victim's testimony and his access is denied on this ground. Therefore, we **GRANT IN PART** and **DENY IN PART,** Owens's motion.

{¶18} The court reporter is **ORDERED** to send this Court the grand jury transcript

under seal. We will then review the transcript in camera and redact portions in accordance with this entry.  We then will make arrangements with counsel to review the transcript in accordance with this entry.

{¶19}  The clerk of courts shall serve a copy of this order on all counsel of record and upon the court reporter at their last known addresses by ordinary mail.

**MOTION GRANTED IN PART AND DENIED IN PART. IT IS SO ORDERED.**

Harsha, J. & Abele, J.:  Concur.

**FOR THE COURT**


_____
Matthew W. McFarland
Administrative Judge