OPINION
{¶ 1} This is an appeal by defendant-appellant, Stephen J. Markos, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion to vacate an entry of confirmation of sale.
 {¶ 2} On August 8, 2003, plaintiff-appellee, Bank of New York, as assignee and holder of a promissory note and mortgage, filed a complaint for money judgment, foreclosure and relief against appellant, alleging he was in default on the note and mortgage. Appellee alleged that appellant owed $84,601.71, plus interest, on the debt.
 {¶ 3} On March 29, 2004, appellee filed a motion for default judgment. The trial court granted appellee's motion by entry filed April 2, 2004. On April 7, 2004, appellant filed a motion for leave to file an answer, which the trial court subsequently denied.
 {¶ 4} An order of sale was issued, but the court later vacated the order upon information that appellant had filed for bankruptcy. On January 20, 2005, appellee filed a motion requesting a second order of sale on the basis that appellant's bankruptcy case had been dismissed. The trial court granted appellee's motion.
 {¶ 5} On January 28, 2005, appellant filed a motion to strike appellee's motion for order of sale, asserting he had tendered payment in full to appellee on January 6, 2005, and further contending that appellee's motion did not contain proof of service. Appellee did not oppose appellant's motion. By entry filed February 28, 2005, the trial court held that appellee's motion contained proper proof of service, and that appellant had not submitted any evidence demonstrating he had tendered payment in full to appellee. However, because appellee did not contest appellant's allegation, the trial court allowed appellant until March 14, 2005, to submit evidentiary materials supporting his claim that he tendered payment in full.
 {¶ 6} On March 14, 2005, appellee filed a response, arguing that the mortgage had not been brought current, nor had payoff funds been received on the mortgage loan despite appellant's representations. Attached to the response was a copy of a document titled "General Account Information."
 {¶ 7} On March 25, 2005, appellant filed supplemental exhibits, including a document titled "International Bill of Exchange," purporting to be a bill of exchange made payable to appellee in the amount of $100,178.28. By entry filed March 28, 2005, the trial court ordered appellant to serve appellee's counsel with a supplemental filing regarding the "International Bill of Exchange."
 {¶ 8} Appellee filed a response on April 6, 2005, again asserting that the mortgage loan had not been paid off. Attached to the response was an affidavit of Tiaquanda Perry, a "foreclosure technician." Perry averred she had supervised the servicing of the subject loan, and that the "General Account Information," attached to appellee's response of March 14, 2005, accurately reflected the status of the loan account, and that payoff loans and reinstatement funds had not been received on the loan. Perry also stated that an "international bill of exchange tendered by the borrower was received on December 31, 2004," and that, "[p]ursuant to office procedures, the document was forwarded to Countrywide's fraud department." Appellee also attached a memorandum from the Office of the Comptroller of Currency, warning of fraudulent instruments, including bills of exchange.
 {¶ 9} On April 12, 2005, the trial court filed an entry denying appellant's motion to strike appellee's motion for order of sale, finding that appellant had not demonstrated he had paid off the loan. On June 24, 2005, the trial court filed an entry confirming the sale of the property and ordering distribution of funds.
 {¶ 10} On July 13, 2005, appellant filed a motion to vacate the entry confirming the sale and ordering distribution, and he also made a "demand for findings of fact and conclusions of law." By entry filed August 3, 2005, the trial court denied appellant's motion to vacate, as well as his motion for findings of fact and conclusions of law.
 {¶ 11} On appeal, appellant sets forth the following three assignments of error for review:
First Assignment of Error
The lower court erred by not addressing material fact of Defendant/Appellant in motions filed on April 14, 2005.
Second Assignment of Error
The lower court erred by not timely informing Defendant/Appellant of Judgment Entry filed June 24, 2005.
Third Assignment of Error
The lower court erred by showing bias for Plaintiff/Appellee and against Defendant/Appellant in every ruling.
 {¶ 12} In this appeal, appellant challenges the trial court's entry of August 3, 2005, denying his motion to vacate the court's June 24, 2005 entry of confirmation and sale. This court's standard of review on appeal of a motion to vacate, pursuant to Civ.R. 60(B), is an abuse of discretion. Countrywide Home Loansv. Barclay, Franklin App. No. 04AP-171, 2004-Ohio-6359, at ¶ 8.
 {¶ 13} Under his first assignment of error, appellant argues the trial court erred in failing to find that he tendered payment to appellee in the form of an "International Bill of Exchange." Appellant contends that, if the instrument he offered was not a valid form of payment, appellee should have returned the bill and explained why it was invalid.
 {¶ 14} At issue is a document titled "International Bill of Exchange [UNCITRAL Convention]," in which appellant is listed as both the drawee and drawer. The document, which references a loan number, states in part: "Payable at Sight to Countrywide Home Loans One Hundred Thousand, One Hundred Seventy-Eight and Twenty-Eight cents." It further states: "This is a Cross Borders Transaction." Appellant, pro se, acknowledged during oral argument that he prepared the document on his own.
 {¶ 15} The trial court, in denying appellant's motion to vacate, found that appellee's failure to explain to appellant why it did not accept the "International Bill of Exchange" as payment in full on the subject loan did not constitute grounds to vacate the judgment entry. Accepting appellant's contention that he has sought to offer an "International Bill of Exchange" as payment for the mortgage, we find no abuse of discretion by the trial court in denying the motion to vacate.
 {¶ 16} As noted above, the document created by appellant references "UNCITRAL Convention" (UNCITRAL being the acronym for "United Nations Commission on International Trade Law"). One commentator has noted that the United Nations Convention on International Bills of Exchange and International Promissory Notes ("CIBN"), adopted and approved for ratification on December 8, 1988, "is part of a series of projects which attempt to unify international commercial law." Lawrence Hull, 1 Payment Systems (2005), Section 10:1. See, also, Spanogle, Introductory Note, United Nations: Convention on International Bills of Exchange and Promissory Notes, 28 International Legal Materials (1989), 170 (the purpose of the CIBN is to provide for "a new type of negotiable instrument that can be used only in international transactions"). However, an instrument is subject to the CIBN "only if that instrument is expected to circulate internationally (i.e., between at least two nations, one of which is a contracting state) which is expressly shown by the addresses stated on the face of the instrument." Id. at 170-171. See, also, Guerin, International Contracts and Terminology: An Annotated Research Guide for the U.S. Practitioner, 29 International Journal of Legal Information (2001), 575, 605 ("[t]he CIBN has an opt-in provision so that it does not apply unless the parties specifically make the instrument subject to the treaty").
 {¶ 17} In addition, there are other requirements that must be met before the CIBN applies to a bill of exchange, including the requirement that the bill not only set forth the heading, "International Bill of Exchange (UNCITRAL Convention)," but must also contain the same words in its text. Lawrence Hull, supra. Further, the CIBN "will not apply unless the instrument reveals on its face that at least two of the acts described on the instrument, such as `making, drawing, paying' will occur in two different nations, at least one of which is a signatory to the treaty." Guerin, International Contracts and Terminology, supra, at 605.
 {¶ 18} In the present case, appellant has made no showing that the "bill" he created and submitted to appellee is subject to the CIBN, or that the document has any validity as an "International Bill of Exchange" (nor does it have the appearance, on its face, of any legal validity). See McElroy v.Chase Manhattan Mtge. Corp. (2005), 134 Cal.App.4th 388, 394
(payment by borrower of "Bonded Bill of Exchange Order" to satisfy mortgage obligation, purporting to obligate Secretary of Treasury to pay bill, was worthless and amounted to no tender at all). Accordingly, the trial court did not abuse its discretion in denying appellant's motion to vacate, and appellant's first assignment of error is overruled.
 {¶ 19} Under his second assignment of error, appellant contends that the trial court erred in failing to timely inform him that the court's entry, filed June 24, 2005, had been signed; appellant maintains he was unaware of such fact until the court's subsequent entry of August 3, 2005. Appellant argues that, although appellee sent him a copy of the proposed judgment entry confirming sale of the property, he was concerned about when and if the trial court would sign the entry. According to appellant, he was in contact with an attorney of the court who continually informed him that the entry had not been signed.
 {¶ 20} Appellant's representation as to conversations with a court employee involves matters outside the record and cannot be reviewed on appeal. Furthermore, appellant has not demonstrated prejudice under this assignment of error. Despite appellant's contention he was unaware of the June 24, 2005 entry of confirmation until August 2005, he nevertheless filed a motion, on July 13, 2005, to vacate the June 24 entry, based upon the claim he had made payment in full by means of the international bill of exchange; however, as discussed above, the trial court did not abuse its discretion in denying appellant's motion to vacate.
 {¶ 21} Further, appellant's primary contention is that the court's failure to inform him of the signed entry kept him from supplying additional information regarding his claim for "lasting improvements" under R.C. 5308.08, Ohio's "occupying claimant" statute.[1] That statute, however, which protects an occupying claimant in his improvements against a person who sets up and proves an "adverse or better title," is not applicable to the instant case, in which appellant was not evicted because of an "adverse" claim or defective title, but, rather, because of foreclosure of the mortgage due to his failure to pay. See, also,United States v. Burchfield (S.D.Ohio 2005), No. C2-04-104 ("the provisions of the Occupying Claimant Law do not apply to a party who knows that his or her interest may terminate upon some condition or event").
 {¶ 22} Appellant's second assignment of error is without merit and is overruled.
 {¶ 23} Finally, under his third assignment of error, appellant argues that the rulings of the trial court were biased against him. There is no support in the record for this contention. In fact, the record indicates that the trial court gave appellant ample opportunity to submit materials in support of his contention that he tendered valid payment by means of an "International Bill of Exchange." Here, the trial court properly exercised its discretion in finding that appellant's "tender" of the purported international bill of exchange constituted no meritorious defense to his obligation to pay on the note and mortgage. Accordingly, appellant's third assignment of error is overruled.
 {¶ 24} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.
[1] R.C. 5303.08 provides in part: "A person who, without fraud or collusion on his part, obtained title to and is in the quiet possession of lands or tenements, claiming to own them, shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant, or his heirs, is paid the value of lasting improvements made by the occupying claimant * * * before the commencement of suit on the adverse claim by which such eviction may be effected[.]"