First Division
June 26, 2006

No. 1-05-1829

| | | |
|---|---|---|
| U.S. BANK N.A., as Trustee for New Century Home Equity Loan Trust, Series 2002-A Asset Backed Pass through Certificates Series 2002-A, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | 02 CH 14953 |
| v. | ) ) ) | Honorable |
| ANTHONY B. PHILLIPS, | ) ) | Paul A. Karkula, Judge Presiding |
| Defendant-Appellant. | | |

JUSTICE McBRIDE delivered the opinion of the court:

Defendant Anthony Phillips appeals, *pro se*, from the denial of his "Petition to Vacate a Void Judgment and Collateral Attack Under Authority of Illinois Statute." For the reasons that follow, we affirm.

On December 31, 2001, defendant obtained a mortgage for $255,000 from New Century Mortgage Corporation (New Century) to purchase a parcel of property commonly known as 2024 East 171st Court in South Holland, Illinois. The mortgage and corresponding note were owned by plaintiff, U.S. Bank N.A., as trustee for New Century, and serviced by Ocwen Federal Bank, FSB (Ocwen).

On August 14, 2002, plaintiff filed a complaint to foreclose defendant's mortgage, alleging that defendant had failed to pay the monthly installments on the mortgage since June 1, 2002. Defendant was personally served on September 9, 2002, but did not appear or otherwise answer the complaint. On October 28, 2002, the circuit court entered an "Order of Default" against defendant, as well as a "Judgment for Foreclosure

and Sale" (Judgment) ordering the subject real estate to be sold at a judicial sale.

On February 5, 2005, defendant sent a letter to Ocwen, purporting to tender payment for the entire balance of the mortgage by an enclosed "Bonded Bill of Exchange" (Bill). The Bill stated that "[t]he obligation of the *** Secretary of Treasury *** arises out of the want of consideration for the pledge and by the redemption of the pledge under HJR-192, Public Law 73-10 and 59 S.Ct. 847." Attached to the Bill were instructions on how to process it with the United States Treasury Department. The instructions stated that defendant had established a "Personal Treasury UCC Contract Trust Account" through the Treasury Department, and that the Bill was a negotiable instrument that should be mailed to the Secretary of the Treasury (Secretary) for redemption.

On February 8, 2005, defendant was sent a "Notice of Sale," stating that, pursuant to the Judgment entered on October 28, 2002, the subject property would be sold at a judicial sale on March 8, 2005. On March 1, 2005, defendant filed a *pro se* "Motion to Vacate Sale with Prejudice," claiming that the Bill had been dishonored "through failure to process such tender in total satisfaction of the proclaimed liability." Defendant, citing section 3-603 of the Uniform Commercial Code (Code) (810 ILCS 5/3-603 (West 2004)), argued that although the Bill had been dishonored, his obligation on the mortgage was discharged because he had tendered payment. The record contains no indication as to the disposition of defendant's motion.

Plaintiff purchased the subject real estate at a judicial sale on March 8, 2005. On March 21, 2005, the circuit court entered an order approving the judicial sale and directing the sheriff of Cook County to evict defendant from the subject property.

On April 13, 2005, defendant filed a *pro se* "Petition to Vacate a Void Judgment and Collateral Attack Under Authority of Illinois Statute." In that petition, defendant claimed that the judgment against him was void because he had tendered payment and was therefore discharged of his obligation to pay the mortgage. The circuit court denied the petition, and defendant filed this appeal.

On appeal, defendant contends that the circuit court erred in denying his petition. He specifically claims that the Bill was a valid negotiable instrument and, therefore, argues that the court lacked jurisdiction to enter the order approving the judicial sale because he had tendered payment through that Bill and was therefore discharged of his obligation under the mortgage.

Although we have found no Illinois cases dealing with the issue presented in this appeal, we do find the California Appellate Court's recent decision in McElroy v. Chase Manhattan Mortgage Corp., 134 Cal. App. 4th 388, ___ P.3d ___, 36 Cal. Rptr. 3d 176 (2005), instructive. In McElroy, plaintiff defaulted on a loan secured by a deed to his property and attempted to redeem the loan by tendering to defendant a "Bonded Bill of Exchange Order" (Bill) that is virtually identical to the Bill at issue in this appeal. McElroy, 134 Cal. App. 4th at 390, ___ P.3d at ___, 36 Ca. Rptr. 3d at 177. Attached to the Bill were instructions stating that the Bill was a negotiable instrument that could be

processed by mailing it to the United States Treasury Department and that plaintiff had established a "Personal UCC Contract Trust Account" with the Treasury Department. McElroy, 134 Cal. App. 4th at 390, ___ P.3d at ___, 36 Cal. Rptr. 3d at 177. The Bill expressly stated that the Secretary's obligation to honor the Bill arose "out of the want of consideration for the pledge and by the redemption of the pledge under Public Resolution HJR-192, Public Law 73-10 and Guaranty Trust Co. of N.Y. v. Henwood, 307 U.S. 247, 59 S. Ct. 847, 83 L. Ed. 1266 (1939)." McElroy, 134 Cal. App. 4th at 392, ___P.3d at ___, 36 Cal. Rptr. 3d at 178-79. Defendant refused to process the Bill and subsequently sold plaintiff's property at a foreclosure sale. McElroy, 134 Cal. App. 4th at 390, ___ P.3d at ___, 36 Cal. Rptr. 3d at 178.

On review, the court found that the Bill was not a negotiable instrument because it was not made "payable to order or to bearer" as required by the California Uniform Commercial Code and that it was not a check because it was not drawn on a bank. McElroy, 134 Cal. App. 4th at 392, ___ P.3d at ___, 36 Cal. Rptr. 3d at 179. The court further found that, although the Bill purported to identify the source of the Secretary's obligation to honor the Bill, the cited sources did not establish any such obligation. McElroy, 134 Cal. App. 4th at 392-93, ___ P. 3d at ___, 36 Cal. Rptr. 3d at 179. Therefore, the court concluded that the Bill was a "worthless piece of paper" that amounted to no tender at all and found that the foreclosure was proper. McElroy, 134 Cal. App. 4th at 393-94, ___ P. 3d at ___, 36 Cal. Rptr. 3d at 179-81.

In this case, the Bill tendered by defendant is not a negotiable instrument

because it is not made "payable to bearer or to order," as required by section 3-104 of the Uniform Commercial Code. 810 ILCS 5/3-104(a)(1) (West 2004); see also Krajcir v. Egidi, 305 Ill. App. 3d 613, 621 (1999). Additionally, although a check may be a negotiable instrument even when not made payable to bearer or to order (810 ILCS 5/3-104(c) (West 2004)), the Bill is not a check because it is not drawn on a bank (810 ILCS 5/3-104(f) (West 2004)).

We have also reviewed the sources identified in the Bill as giving rise to the Secretary's obligation to honor the Bill, and find that they create no such obligation. Nor do they discuss a "Personal Treasury UCC Contract Trust Account" or the "redemption of a pledge." The Bill is nothing more than words strung together on a piece of paper which lack any cohesive meaning and convey nothing. Under these circumstances, we find no error in the trial court's refusal to acknowledge defendant's Bill as a valid negotiable instrument.

In reaching this conclusion, we reject defendant's reliance on section 3-603 of the Code (810 ILCS 5/3-603 (West 2004)) to argue that the court lacked jurisdiction to approve the sale because he had tendered payment to plaintiff and was thus relieved of his obligations under the mortgage. As discussed above, defendant did not tender "payment" but, rather, a piece of paper that was entirely lacking in value. Therefore, the Bill did not discharge defendant's obligation to pay the mortgage, and the circuit court did not error in approving the judicial sale of the property.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL, P.J. and GORDON, J., concur.