TUCKER, J.
{¶ 1} Petitioners-appellants, Tressa Sherrod, individually and as executrix of the Estate of John H. Crawford, III; John Crawford, Jr.; and LeeCee Johnson, next friend of two minors, appeal from the trial court's dismissal of their Petition for Limited Release of Grand Jury Transcript (the "Petition"). Appellants argue that the trial court erred by "improperly bas [ing] its decision wholly on a mere recitation of the general benefits of not disclosing grand jury testimony" and a "speculative, irrelevant belief or hope" that they will eventually be able to obtain essentially the same information described in the Petition through other means. Appellants' Br. 5. Having reviewed the trial court's decision de novo, we conclude that the court did not err by dismissing the Petition, and we therefore affirm.
*150 I. Facts and Procedural History
{¶ 2} According to the parties, this case relates to the death of John Crawford, III at a Wal-Mart store in Beavercreek on August 5, 2014. Id. at 2; Appellees' Br. 1. They indicate that Mr. Crawford's death led to an investigation by the Greene County Prosecutor, the convening of a Greene County grand jury, and his family's filing of a lawsuit in the United States District Court for the Southern District of Ohio. Petition ¶ 4-6, 18; Appellants' Br. 2-3; see Appellees' Br. 1. They indicate, as well, that the United States Department of Justice is presently conducting an investigation. Appellants' Br. 4; Appellees' Br. 5.
{¶ 3} In the Petition, filed on February 2, 2016, Appellants allege that two officers with the Beavercreek Police Department were dispatched to the Wal-Mart store in response to a 911 call about "a black male * * * who[m] the caller claimed was pointing an assault rifle at customers," and that after the officers arrived at the store, one of them shot and killed Mr. Crawford. Petition ¶ 1-3. Alleging further that the two officers testified before the Greene County grand jury without invoking their rights under the Fifth Amendment, Appellants requested the release of transcripts of the officers' testimony. Appellants predicated their request on their federal lawsuit, stating that the federal court had stayed the officers' depositions. Petition ¶ 19-23. In response, Appellees filed an answer generally denying Appellants' allegations, along with a motion to dismiss under Civ.R. 12(B)(6) in which they alternatively requested judgment on the pleadings under Civ.R. 12(C).
{¶ 4} The trial court sustained Appellees' motion pursuant to Civ.R. 12(C) and dismissed the Petition in a decision dated July 7, 2016 (the "Decision").[1] In the Decision, the court found that Appellants' claimed need for transcripts of the officers' testimony did not justify "an exception to the confidentiality mandate of [Crim.R.] 6." Decision 3-4. The court also noted that the federal "order [staying the officers' depositions] is subject to review and future modification," meaning that an "eventual and highly probable lifting of that order by the judge who imposed it will provide a comprehensive solution to [Appellants'] problem." Id. at 4.
II. Analysis
{¶ 5} For their sole assignment of error, Appellants contend that:
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE MOTION TO DISMISS A PETITION FOR RELEASE OF GRAND JURY TRANSCRIPT WHEN THE NEED FOR SECRECY, IF ANY, IS FAR OUTWEIGHED BY THE NEED FOR DISCLOSURE FOR A CIVIL LAWSUIT INVOLVING THE SAME WITNESSES.
{¶ 6} Dismissal "under Civ.R. 12(C) 'is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the [moving party] could prove no set of facts in support of [its] claim that would entitle [it] to relief.' " State ex rel. Vandenbos v. City of Xenia , 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, 2015 WL 132530, ¶ 11 (quoting State ex rel. Midwest Pride IV, Inc. v. Pontious , 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996) ). Determination " 'of a motion for judgment on the pleadings is restricted *151 solely to the allegations in the pleadings and any [attached] writings.' " Civ.R. 10(C) ; Portfolio Recovery Assocs., LLC v. VanLeeuwen , 2d Dist. Montgomery No. 26692, 2016-Ohio-2962, 2016 WL 2840930, ¶ 7 (quoting Offill v. State Farm Fire & Cas. Co. , 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, 2012 WL 6738223, ¶ 14 ). Thus, " ' Civ.R. 12(C) requires a determination that no material factual issues exist and [a finding] that the movant is entitled to judgment as a matter of law.' " Vandenbos at ¶ 11 (quoting Midwest Pride IV , 75 Ohio St.3d at 570, 664 N.E.2d 931 ). A " 'motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the [appellate] standard of review is de novo.' " See Portfolio Recovery Assocs. , 2016-Ohio-2962, 2016 WL 2840930, ¶ 5 (quoting Inskeep v. Burton , 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, 2008 WL 1838343, ¶ 7 ). Because the trial court sustained Appellees' motion under Civ.R. 12(C), we undertake a de novo review of the Decision, which entails a consideration of the merits of the Petition.
{¶ 7} A "court may order disclosure of evidence presented to a grand jury 'only after [it] carefully weighs the need to maintain the secrecy of the grand jury proceedings against [the] petitioner's need for the information and determines that justice can only be done if disclosure is made.' " Wiggins v. Kumpf , 2d Dist. Montgomery No. 26263, 2015-Ohio-201, 2015 WL 302839, ¶ 8 (quoting In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970 , 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980) ). To evaluate the need for secrecy of grand jury proceedings, a court should refer to the following five "reasons for preserving secrecy":
1. [P]revent[ing] the escape of those whose indictment may be contemplated;
2. [I]nsur[ing] the utmost freedom to the grand jury in its deliberations, and * * * prevent[ing] persons subject to indictment or their friends from importuning the grand jurors;
3. [P]revent[ing] subornation of perjury or tampering with * * * witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;
4. [E]ncourag[ing] free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and]
5. [P]rotect[ing] innocent [persons] who [are] exonerated from disclosure of the fact that [they have] been under investigation, and from the expense of standing trial where there was no probability of guilt.
In re Petition for Disclosure , 63 Ohio St.2d at 219, 407 N.E.2d 513 (quoting United States v. Rose , 215 F.2d 617, 628-629 (3d Cir. 1954) ). The petitioner's burden to demonstrate " 'a particularized need for disclosure [that] outweighs the need for secrecy' " is, however, "a threshold requirement." State v. Curran , 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.) (quoting State v. Greer , 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), syllabus).
{¶ 8} Appellants argue that they have a particularized need for disclosure of the two police officers' grand jury testimony as a result of their federal lawsuit. Petition ¶ 19-22; Appellants' Br. 7-8. First, Appellants allege that the officers' testimony "will contain important witness information directly related" to their federal claims. Petition ¶ 20. Second, Appellants allege that because the officers' federal depositions have been stayed, their investigation of the background facts has been "severely hampered," leaving them *152 "unduly prejudiced in their ability to prosecute" the case.
{¶ 9} Regarding Appellants' former allegation, the relevancy and potential usefulness of the officers' grand jury testimony for purposes of their federal lawsuit is readily apparent. Additionally, if the transcripts of the officers' testimony "were made available, [then Appellants' need to engage in] discovery through depositions, which might involve delay and substantial costs, would be avoided." United States v. Procter & Gamble Co. , 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). These showings nevertheless "fall short of proof that without the transcript[s] [Appellants] would be greatly prejudiced or that * * * an injustice would be done." Id.
{¶ 10} Regarding Appellants' latter allegation, the "particularized need" test "is satisfied if, considering all of the surrounding circumstances, 'it is probable that the failure to disclose [grand jury] testimony will deprive the petitioner of a fair adjudication of a pending action.' " Wiggins , 2015-Ohio-201, 2015 WL 302839, ¶ 8 (quoting State v. Webb , 2d Dist. Greene No. 2005 CA 52, 2006-Ohio-1113, 2006 WL 1545697, ¶ 12 ). Appellants do not assert that they will not be able to depose the officers in the federal case. Instead, they note that as of "the time of the [filing of] the Petition, the stay had not been lifted"; that as of "the time [the trial court filed] the Decision, the stay had not been lifted"; and that despite the passage of "nearly two years since [they initiated] the [federal] [l]awsuit * * * no[body] knows when the stay will be lifted, if ever." Appellants' Br. 7-8. They add that "assum[ing] that the stay will be lifted before the trial of the [federal] [l]awsuit" is "speculative" at best. Id. at 8.
{¶ 11} Although the federal court's order staying the two officers' depositions has doubtless inconvenienced Appellants, the imposition of the stay itself does not satisfy the "particularized need" test. Even construing the allegations in the Petition entirely in Appellants' favor, as Civ.R. 12(C) requires, Appellants have at most established the possibility that they might not be able to obtain testimony from the officers without the release of the grand jury transcripts. They argue the trial court relied on speculation when it noted that "it is 'highly probable' that the federal court will 'eventual [ly]' lift the stay," but in the absence of a definitive showing that Appellants will more likely than not be unable to depose the two police officers before the federal lawsuit is tried, we cannot conclude that justice " 'can only be done if disclosure is made.' " Wiggins , 2015-Ohio-201, 2015 WL 302839, ¶ 8 (emphasis added) (quoting In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970 , 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980) ); Appellants' Br. at 7 (quoting Decision 4). Appellants have accordingly not met their threshold burden, which obviates the need to consider the "five reasons for preserving [the] secrecy" of the officers' grand jury testimony. State v. Curran , 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.) ; In re Petition for Disclosure , 63 Ohio St.2d at 219, 407 N.E.2d 513.
III. Conclusion
{¶ 12} We have reviewed the Decision de novo and find that the trial court did not err by sustaining Appellees' motion under Civ.R. 12(C) to dismiss the Petition. Therefore, we overrule Appellants' assignment of error and affirm the Decision.
HALL, P.J., concurs.

The trial court's decision of July 7, 2016 is an amended version of a decision it had filed two days earlier.